**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**FRANK T. STACKHOUSE,**

    Plaintiff,

vs.                                                            **Case No. 09-C-940**

**METROPOLITAN GROUP PROPERTY & CASUALTY INSURANCE COMPANY,**

    Defendant.

**SCHEDULING ORDER**

During the scheduling conference held by telephone in the above-entitled action on January 27, 2010, the plaintiff, appearing by Attorney Blake S. Olson, and the defendant, appearing by Attorney Mary E. Nelson, agreed to the entry of the following order.

**IT IS ORDERED** that:

1. The availability and procedure relating to mediation before the assigned magistrate judge was explained to the parties. The parties agree the below schedule governs the uninsured motorist claim only and that the bad faith claim is bifurcated and stayed until the resolution of the uninsured motorist claim.

2. Rule 26(a)(1) initial disclosures must be made on or before February 1, 2010.

3. The parties may amend pleadings and add parties on or before March 1, 2010.

4. On or before March 1, 2010, the plaintiff must notify the defendant of any lay witnesses the plaintiff may call at trial.

5. On or before April 1, 2010, the defendant must notify the plaintiff of any lay witnesses the defendant may call at trial.

6. On or before June 1, 2010, the plaintiff must notify the defendant of any expert witnesses the plaintiff may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the plaintiff will be barred from calling such witnesses as experts at trial.

7. On or before August 1, 2010, the defendant must notify the plaintiff of any expert witnesses the defendant may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the defendant will be barred from calling such witnesses as experts at trial.

8. On or before September 1, 2010, the plaintiff must notify the defendant of any rebuttal expert witnesses the plaintiff may call at trial, and must submit with that notice a report containing all the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or the plaintiff will be barred from calling such rebuttal witnesses as experts at trial.

9. All requests for discovery must be served by a date sufficiently early so that all discovery in this case can be completed no later than October 1, 2010. Neither the pendency of motions nor settlement discussions will affect any of the dates set in this action, and neither will justify delays in the taking of discovery.

10. Dispositive motions must be filed on or before November 1, 2010. When a motion for summary judgment is filed electronically utilizing the Court's Electronic Case Filing system, counsel must also provide this Chambers with a paper copy of the motion, and all accompanying briefs and papers.

11. On January 24, 2011, at 2:30 p.m., the Court will initiate and conduct a final pretrial conference call. Pursuant to Civil L. R. 16.3, each party must serve and file a final

pretrial report in compliance with the Pretrial Report Order attached hereto and incorporated herein.

    12. This case will be tried to a jury. This case will be called for trial at 9:00 a.m. on February 14, 2011. The trial is estimated to last three days.

    Dated at Milwaukee, Wisconsin this   27th   day of January, 2010.

                                          **BY THE COURT:**

                                           s/ Rudolph T. Randa
                                          **Hon. Rudolph T. Randa**
                                          **U. S. District Judge**

- 3 -

Case 2:09-cv-00940-RTR   Filed 01/27/10   Page 3 of 4   Document 19

# **PRETRIAL REPORT ORDER**

**IT IS ORDERED** that all parties prepare and file pretrial reports. Reports are due ten days before the scheduled start of the trial or, if a final pretrial conference is scheduled, three days before the conference. The report must be signed by the attorney (or a party personally, if not represented by counsel) who will try the case. Sanctions, which may include the dismissal of claims and defenses, may be imposed if a trial report is not filed.

The report must include the following:

1. A short summary statement of the facts of the case and theories of liability or defense. The statement may not be longer than two pages.

2. A statement of the issues.

3. The names and addresses of all witnesses expected to testify. A witness not listed will not be permitted to testify absent a showing of good cause.

4. If expert witnesses are to be used, a narrative statement of the experts' background.

5. A list of exhibits to be offered at trial, sequentially numbered according to General L.R. 26.1.

6. A designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence. Reading or playing more than five pages from a deposition will not be permitted unless the Court finds good cause.

7. Counsel's best estimate on the time needed to try the case.

8. If scheduled for a jury trial:

    a. All proposed questions that counsel would like the Court to ask on voir dire.
    b. Proposed instructions on substantive issues.
    c. A proposed verdict form.

9. If scheduled for a Court trial, proposed findings of fact and conclusions of law. (See Fed. R. Civ. P. 52).

In addition to completing a report, counsel are expected to confer and make a good faith effort to settle the case. Counsel are also expected to arrive at stipulations that will save time during the trial.